16-1244-cv
Jordan v. United Cerebral Palsy of New York

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 9th day of March, two thousand seventeen.

Present:     JOHN M. WALKER, JR.,
             ROSEMARY S. POOLER,
             DEBRA ANN LIVINGSTON,

                     *Circuit Judges*.

_____

WILMARIS JORDAN, MARINA PORTNOY,

                     *Plaintiffs-Appellants*,

                  v.                                          16-1244-cv

UNITED CEREBRAL PALSY OF NEW YORK CITY, INC.,

                     *Defendant-Appellee*.[1]

_____

Appearing for Appellants:     Locksley O. Wade, New York, NY

Appearing for Appellee:       Mary Ellen Donnelly, (John B. Fulfree, *on the brief*), Putney, Twombly, Hall & Hirson, New York, NY

Appeal from the United States District Court for the Eastern District of New York (Irizarry, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

_____

[1] The Clerk of the Court is directed to amend the caption as above.

Appellants Wilmaris Jordan and Marina Portnoy appeal from the March 31, 2016 order of the United States District Court for the Eastern District of New York (Irizarry, *J.*), granting summary judgment to defendants with respect to plaintiffs' Title VII discrimination and retaliation claims.[2] We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

"We review a district court's decision to grant summary judgment *de novo,* construing the evidence in the light most favorable to the party against which summary judgment was granted and drawing all reasonable inferences in its favor." *Halo v. Yale Health Plan, Dir. of Benefits & Records Yale Univ.*, 819 F.3d 42, 47 (2d Cir. 2016) (quoting *Sec. Plans, Inc. v. CUNA Mut. Ins. Soc'y*, 769 F.3d 807, 815 (2d Cir. 2014)). Jordan and Portnoy argue that, in resolving the motion for summary judgment, the district court erred by considering affidavits submitted by Frank Mercogliano and Barbara Falcone, two of the plaintiffs' supervisors. Jordan and Portnoy contend that the affidavits included statements that were not based on Mercogliano and Falcone's personal knowledge, and thus run afoul of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 56(c)(4) ("An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.").

Appellants object generally to the use of the affidavits because "neither declarant had any personal knowledge of the ultimate factual events leading to the termination of Jordan and Portnoy," particularly the allegations that Jordan physically abused a child and that Portnoy violated the defendants' policies with respect to reporting missing children. Appellants' Br. at 8. Appellants further note that they object to the district court's use of exhibits H, I, J, K, L, N, O, and P of Mercogliano's declaration**,** and exhibits G, H, I, J, K, L, M, and N of Falcone's affidavit, because those exhibits are unsworn reports written by persons other than Mercogliano and Falcone, and therefore violates the rule against hearsay set forth in Federal Rule of Evidence 802.

The district court ruled that neither plaintiff demonstrated the prima facie case of discrimination that is required under the standard set out in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See Holcomb v. Iona Coll.*, 521 F.3d 130, 138 (2d Cir. 2008) ("[T]he plaintiff bears the initial burden of establishing a prima facie case of discrimination.") (citation omitted). A plaintiff demonstrates a prima facie case by showing "(1) that he belonged to a protected class; (2) that he was qualified for the position he held; (3) that he suffered an adverse employment action; and (4) that the adverse employment action occurred under circumstances giving rise to an inference of discriminatory intent." *Id.* (citing *Feingold v. N.Y.*, 366 F.3d 138, 152 (2d Cir. 2004)).

The district court's decision that Jordan and Portnoy failed to make out prima facie cases did not rely on the portions of the affidavits to which appellants object. The district court ruled

---

[2] The district court's order also denied plaintiffs' motion to strike defendants' affidavits. Although plaintiffs' arguments on appeal relate to the district court's use of defendants' affidavits, we construe their objection to be directed to the district court's resolution of the motion for summary judgment, and thus do not consider whether the district court correctly denied the motion to strike.

that Jordan failed to establish a prima facie case of discrimination based on her national origin because no evidence suggested circumstances giving rise to an inference of discrimination, and, additionally, the evidence showed that Jordan was not qualified for her position. The court's conclusion that the circumstances of Jordan's discharge did not give rise to an inference of discrimination relied on the affidavits to show that (1) Jordan was hired into her position in part because she was bilingual, that (2) Jordan was sometimes encouraged to use her Spanish skills to speak with children's families, and that (3) the defendant had a legitimate business purpose for its language policy prohibiting employees from speaking languages other than English under certain circumstances. None of these uses of the affidavits involved hearsay evidence or facts directly related to Jordan's dismissal based on allegations of abuse, which are the uses of the affidavits to which appellants object.[3] Although the court also concluded that Jordan was not qualified for her position in part because Mercogliano's affidavit stated that Jordan abused children, this conclusion was not necessary to the court's overall ruling in light of its alternative conclusion that the circumstances of Jordan's dismissal did not give rise to an inference of discrimination.

The district court ruled that Portnoy did not establish a prima facie case of Title VII retaliation because she did not belong to a protected class, and there was no causal connection between her dismissal and the activities claimed to have been protected by Title VII. Portnoy claimed that defendant retaliated against her because she objected to the company's enforcement of the language policy against Jordan and refused to report instances when Jordan violated the policy by speaking Spanish. The court ruled that speaking Spanish during business hours is not activity protected by Title VII. Plaintiffs' complaints about the affidavits do not cast any doubt on this ruling. The district court also ruled that, because defendant discharged Portnoy for child neglect, Portnoy failed to demonstrate any causal connection between her dismissal and her refusal to report Jordan's use of Spanish. This ruling did use the Mercogliano declaration to show why Portnoy was fired. But the question of whether a particular allegation of misconduct "caused" Portnoy's dismissal depends on the employer's belief that she had acted wrongly, not whether she actually acted wrongly. *Cameron v. Cmty. Aid For Retarded Children, Inc.*, 335 F.3d 60, 65 (2d Cir. 2003) (noting that "[t]he inaccuracy of [some] reports does not matter if [the employer] believed them"). The court did not err in using the affidavit to establish defendant's reasons for discharging Portnoy.

We have considered the remainder of appellant's arguments and find them to be without merit. Accordingly, the order of the district court hereby is AFFIRMED. Each side to bear its own costs.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[3] In addition, although the district court did not discuss it, Mercogliano testified in his affidavit that he counseled Jordan repeatedly for violating the defendant's language policy prior to her termination.

3